**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2373
_____

UNITED STATES OF AMERICA

v.

JEFFREY BADO,
                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-15-cr-00037-001)
District Judge: Hon. C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2018
_____

Before: McKEE, RESTREPO, and FUENTES, *Circuit Judges*.

(Opinion filed: March 1, 2019)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Bado argues that the evidence that he illegally dispensed controlled substances resulting in the death of Joseph Armstrong, his former patient, was insufficient. He also argues there was insufficient evidence to convict him on each of the other drug distribution counts, and that the District Court abused its discretion when it denied his request to introduce the ex parte deposition of a defense witness. For the reasons that follow, we will affirm.

## I.[1]

"In reviewing a jury verdict for sufficiency of the evidence, 'we must consider the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'"[2] "Under this particularly deferential standard, we 'must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [our] judgment for that of the jury.'"[3] Moreover, "we review the evidence as a whole, not in isolation, and ask whether it is strong enough for a rational trier of fact to find guilt beyond a reasonable doubt."[4]

---

[1] The District Court had original jurisdiction over the case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction to review the District Court's final sentence under 28 U.S.C. § 1291.

[2] *United States v. Benjamin*, 711 F.3d 371, 376 (3d Cir. 2013) (quoting *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993)).

[3] *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005)) (ellipses and brackets in original).

[4] *Id.* (quoting *United States v. Boria*, 592 F.3d 476, 480 (3d Cir. 2010)).

The evidence here was sufficient to allow a jury to conclude beyond a reasonable doubt that Bado prescribed oxycodone and methadone to Armstrong 24 days before his death. Blood samples obtained the day after Armstrong's death confirmed the presence of oxycodone and methadone in Armstrong's system at the time of his death. Two expert witnesses described at length why Armstrong's death was caused by the ingestion of oxycodone and methadone.

Defense counsel thoroughly cross-examined both experts and each doctor remained unshaken in his respective medical conclusion that the prescription pills, and not cocaine use or coronary disease, were the "but for" cause of Armstrong's death. Consistent with each other, they explained how a cocaine-induced death would present differently than Armstrong's death did. Each doctor's explanation of the manner by which Armstrong died was corroborated by Armstrong's common law wife's testimony regarding her observations of Armstrong's condition in the hours leading up to his death.

There was therefore ample evidence for the jury to conclude that but for his consumption of the oxycodone and methadone that Bado prescribed, Armstrong would still be alive.

## II.

Similarly, Bado contends that there was insufficient evidence to support his conviction that he illegally distributed hundreds of opioid prescriptions. Bado particularly challenges the summary nature of Dr. Thomas's testimony.

Physicians are subject to criminal liability "when their activities fall outside the

3

usual course of professional practice."[5] After reviewing all 89 patient files, Dr. Thomas testified to a reasonable degree of medical certainty that each of the prescriptions listed in the superseding indictment were issued outside the usual course of professional practice and were medically unnecessary. Dr. Thomas reviewed nine patient files in detail and provided extensive background information about the acceptable medical practices for pain management. While Dr. Thomas testified in summary fashion about the remaining patients, he identified the illegitimate factors present in each case.

"We are not to act as a thirteenth juror" and must instead consider whether a rational juror could have found guilt beyond a reasonable doubt.[6] "[T]he jury's verdict must be upheld as long as it does not 'fall below the threshold of bare rationality.'"[7] Despite Bado's assertions to the contrary, Dr. Thomas's testimony was sufficient to allow a rational juror to conclude beyond a reasonable doubt that Bado illegally distributed controlled substances.[8]

### III.

In addition to attacking the sufficiency of his convictions, Bado argues that the District Court abused its discretion by precluding him from introducing the deposition testimony of a defense witness. "We review the District Court's evidentiary rulings

---

[5] *United States v. Moore*, 423 U.S. 122, 124 (1975).

[6] *Caraballo-Rodriguez*, 726 F.3d at 431.

[7] *Id.* (quoting *Coleman v. Johnson*, 566 U.S. 650, 656 (2012)).

[8] In denying Bado's motion for a new trial, the District Court astutely observed the fact that, "the jury found [Bado] not guilty of thirteen discrete counts within the Superseding Indictment speaks to the jury's dedication to unbiased assessment of the evidence supporting each individual criminal charge." *United States v. Bado*, No. 15-cr-37, 2017 WL 2362401, at *5 (E.D. Pa. May 30, 2017).

principally for abuse of discretion."[9]  "We will not disturb a trial court's exercise of discretion unless 'no reasonable person would adopt the district court's view.'"[10]

Approximately one month before Thanksgiving, the District Court informed the jury that the court would not be sitting on the Wednesday before or the Friday after Thanksgiving.  After court ended on the Tuesday before Thanksgiving, defense counsel informed the government that one of Bado's former patients who wanted to testify was unavailable the following week but was available for a deposition the next day, the Wednesday before Thanksgiving.  However, counsel for the government was not available then.  Defense counsel filed a motion for an order authoring a deposition for use at trial, "nunc pro tunc."  Defense counsel then conducted an ex parte deposition of the patient even though the court had not yet ruled on the motion.

When court resumed the Monday after Thanksgiving, defense counsel requested that the Court admit the deposition testimony.  The District Court confirmed that Bado began presenting his defense more than a month prior and defense counsel had not subpoenaed the witness for trial.  In denying the request to read the deposition testimony into the record, the Court noted that "it is not the fault of the Government, it is not the fault of the Court, it is nobody's fault but the witness who failed to respond, because clearly, that witness had knowledge to be here."[11]  Bado's attempt to argue that the

---

[9] *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002).
[10] *Id.* (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).
[11] App. 1876.

District Court thereby abused its discretion can best be described as frivolous.[12]

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.

---

[12] Defense counsel attempts to justify the ex parte deposition while the motion was still pending by relying on the provisions of FED. R. CRIM. P. 15(a)(1) which allows a party to take a deposition to preserve testimony for trial. However, on this record, we will not conclude that the District Court abused its discretion in denying counsel's last minute "Hail Mary" attempt to admit the ex parte deposition of this witness.